■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE FELICIANO, Appellant.—Judgment, Supreme Court, New York County (Dennis Edwards, J., at hearing, plea and sentence), rendered November 23, 1988, convicting defendant, upon his guilty plea, of attempted robbery in the second degree and sentencing him, as a second violent predicate felon, to an indeterminate prison term of 2½ to 5 years, unanimously affirmed.

Defendant and two accomplices stole complainant's wallet and fled. In response to a police call, defendant's accomplices were apprehended. Both men implicated defendant as their accomplice and identified him from photographs. The police went to defendant's home and arrested him. After putting on a shirt and a blue jacket, defendant was brought to the precinct, placed in a lineup and identified by complainant as the third robber.

Defendant claims that since the suppression hearing court denied his request to call the complainant in to testify, he was denied due process because the police had "engaged in suggestive and unfair conduct." As this claim was never raised before, it is unpreserved for appellate review and we thus do not address it. (CPL 470.05 [2].) However, if we were to address this issue in the interest of justice, we would, nonetheless, find it to be of no merit. Not only did defendant not have an unqualified right to have the identifying witness produced at the *Wade* hearing *(see, People v Peterkin,* 75 NY2d 985), the record demonstrates that the pretrial identification procedure was, in all respects, proper. *(See, People v Chipp,* 75 NY2d 327.)* Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Rubin, JJ.